Juanita R. Brooks, SBN 75934
E-mail: brooks@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego CA 92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Chase A. Scolnick, SBN 227631
Email: cscolnick@kelleranderle.com
Keller Anderle LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Telephone: (949) 476-8700
Facsimile:  (949) 476-0900

*Attorneys for Defendant*
MICROSOFT CORPORATION
*[Additional attorneys listed on signature page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNILOC 2017 LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | CASE NO. 8:18-CV-02054-AG-JDE<br><br>**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS U.S. PATENT NOS. 8,613,110 AND 7,024,696**<br><br>Date:  March 4, 2019<br>Time:  10:00 am<br>Location: Ronald Reagan Federal Bldg. U.S. Courthouse, 411 West Fourth St. Courtroom 10D<br>Judge: Hon. Andrew J. Guilford |

## I. INTRODUCTION

Uniloc does not dispute that in a prior proceeding, a court construed "attempt" from the U.S. Patent No. 7,024,696, nor does it dispute that the prior construction applies to both U.S. Patent Nos. 8,613,110 ("the '110 patent") and 7,024,696 ("the '696 patent) (collectively, the "Bahar patents") in this case. Uniloc similarly does not dispute that the prior construction requires tracking "all attempts (both successful and unsuccessful attempts) to obtain the service data" (ECF No. 32 at 11), and Uniloc acknowledges that "service data" is an authorization code or access code. *Id.* at 5, fn. 3. Applying this construction, Microsoft explained in its Motion how each asserted claim requires the remote server to base an activation decision on counting "all attempts to obtain service data" (e.g., requests for an access code or activation code) that the remote activation server receives from a copy of software. *See* ECF No. 28 at 13. Uniloc also did not dispute this interpretation. ECF No. 32.

Given this backdrop, one would expect Uniloc's Opposition to have identified allegations of fact from its First Amended Complaint stating that Microsoft tracks all requests for an activation code. However, Uniloc failed to identify even a single factual allegation that Microsoft tracks such requests. This failure is fatal to Uniloc's First Amended Complaint, and on that basis alone, the Court should grant Microsoft's motion to dismiss.

Uniloc instead points to alleged facts that suggest no more than that Microsoft counts the number of installations of software. Uniloc's Opposition attempts to repurpose these allegations to argue that tracking installations includes tracking *some* scenarios where an activation code was received, but not used. But even under Uniloc's misinterpretation of the pled facts, the most even Uniloc can ask us to infer from its own factual allegations is that Microsoft tracks only *some* attempts to active. Counting *some* attempts rather than *all* attempts is not sufficient, and thus Uniloc's infringement theory again fails as a matter of law.

Finally, Uniloc's offer to supplement its complaint with source code citations (in addition to being untimely) will not cure these deficiencies. Uniloc would rely upon the source code to allegedly prove its legal theory. But Uniloc's legal theory fails to show that Microsoft tracks all requests for activation codes (i.e., all "attempts"), and any source code citations would not change that calculus.

For these reasons, the Court should grant Microsoft's motion to dismiss.

## II. ARGUMENT

### A. Uniloc's Infringement Allegations Are Not Plausible

Uniloc's First Amended Complaint fails to show that Microsoft tracks any "attempts to obtain service data," much less all such "attempts."

#### 1. Uniloc Does Not Allege that Microsoft Counts Any Requests for Service Data

Microsoft's motion exposes a first flaw in Uniloc's legal theory: (1) the claims require a remote activation server to base an activation decision on counting "all attempts to obtain service data" (e.g., requests for an access code or activation code) that the remote activation server receives from a copy of software (ECF No. 28 at 13); (2) Uniloc's Amended Complaint alleges that Microsoft tracks the number of installs (*Id.* at 6-11); (3) Uniloc's Amended Complaint alleges that in at least one scenario, an activation code may not be used (*Id.* at 13-14); and (4) Uniloc concludes from these facts that the claims are satisfied ***but never alleges that Microsoft counts the number of requests for an activation code.*** *Id.*

Uniloc's Opposition does nothing to address this flaw. None of the paragraphs Uniloc references from its First Amended Complaint state facts that show that Microsoft counts the number of requests for an activation code (*i.e.*, "attempts to obtain service data"). *See* ECF No. 28 at 10 (explaining how Paragraph 37 fails to plead that "Microsoft tracks all (or any) attempts to obtain service data in the activation process"); *Id.* at 11 (explaining how Paragraph 41 alleges "only that the install limit tracks the codes sent by the server but not used to activate the

software," but fails to allege that Microsoft tracks all attempts to obtain service data); *Id* at 9 (explaining how Paragraph 68 states that Microsoft tracks concurrent installs, but say nothing about tracking all attempts to obtain service data, including any unsuccessful attempts). Uniloc's only remaining citations to the First Amended Complaint consist of bald conclusions with no supporting facts (see, e.g., ECF No. 24 ¶ 65) or conclusions that are not relevant to the issues herein. *See* ECF No. 32 at 5 (citing Paragraph 62 to support the point that activation requires an activation code). Uniloc cannot rely on these conclusory statements to demonstrate that the claim language is met.[1]

      In fact, Uniloc does not even try to show that Microsoft tracks requests for activation codes and instead dismisses Microsoft's focus on tracking requests as "warp[ed]," because "[a]n attempt to 'obtain service data' is part and parcel of an attempt to 'activate' the software." *See* ECF No. 32 at 7. Uniloc's argument misses the point. Even if counting the requests for an activation code included all attempts to activate (because activation requires an activation code), counting the number of attempts to activate would ***not*** include all requests for an activation code. In the software activation process of the Bahar patents, the step of requesting the activation code is distinct from and prior to the activation step. *See* ECF No. 28 at 2-3. The court in *Acronis* already distinguished between counting requests for the activation

---

[1] Microsoft's Motion pointed to numerous cases that state that conclusory assertions untethered to the facts need not be credited. *See* ECF No. 28 at 15-16; *Cumberland Pharmaceuticals Inc. v. Sagent Agila LLC*, No. 12-825-LPS, 2013 WL 5913742, *1-*3 (D. Del. 2013); *Nalco Co. v. Chem-Mod, LLC*, No. 14-CV-2510, 2015 WL 507921, at *3 (N.D. Ill. Feb. 4, 2015); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 778 (N.D. Ill. 2016). *See also Moody v. Morris*, 608 F.Supp.2d 575, 579 (S.D.N.Y. 2009); *Roper v. Jo-Ann Stores, Inc.*, 211 Fed. Appx. 950, 951; *Pieczenik v. Abbott Labs.*, No. 10-2230 (JAP), 2011 WL 1045347, at *6 (D. N.J. Mar. 23, 2011); *Gharb v. Mitsubishi Elec. Automation, Inc.*, No. 10 C 07204, 2012 WL 1986435, at *3 (N.D. Ill. June 4, 2012). Uniloc did not dispute or distinguish any of them, nor did it provide any contrary authority.

code (i.e., attempts to obtain service data), and counting successful or unsuccessful activations:

> The surrounding claim language explicitly refers to "the number of times an attempt has been made to obtain service data." *Id.* at 10:55-56 (Claim 15). ***It is referring to the step in the process prior to activation that tracks the number of attempts to get the service data, independent of whether the attempt is successful or not.*** Therefore, the plain meaning of this phrase, which is evident from the language of the claim and the specification, includes all attempts (both successful and unsuccessful attempts) to obtain the service data.

*Markman* Order at 11, *Uniloc USA, Inc. et al. v. Acronis, Inc. et al.*, No. 6:15-cv-1001 (E.D. Tex. February 21, 2017), ECF No. 162.

Thus, Uniloc has failed to allege that Microsoft tracks "attempts," and tracking successful or unsuccessful activation is not the same thing.

### 2. Uniloc's Allegations that Microsoft Counts *Some* Installs is Legally Insufficient

Microsoft's Motion exposed a second flaw in Uniloc's legal theory, which is that Uniloc never alleged that Microsoft tracked "**all**" attempts (both successful and unsuccessful attempts) to obtain the service data." *See, e.g.,* ECF No. 28 at 6-7 and 13-14.

Uniloc's attempt to recast Paragraphs 37, 39-41, 57, and 62-68 from the First Amended Complaint for this purpose fails. First, Uniloc does not quote or identify any actual pled facts from those paragraphs that supports its argument. The only language Uniloc relies upon is its own self-serving conclusions. ECF No. 32 at 5-6 (citing Paragraphs 57, 62, 65, 66, and 68 without quoting any facts from those paragraphs). Uniloc's failure to find factual support is no surprise, as Microsoft's Motion went through the salient allegations paragraph-by-paragraph to show that the First Amended Complaint only states that Microsoft counts the number of "installs" (and not "attempts to obtain service data"). ECF No. 28 at 6-11 and 13-14 (addressing the language in Paragraphs 39, 41, 57, 63, 66, and 68 of the First

Amended Complaint). For example, Uniloc pled that Microsoft ensures that a user has "an upper limit on how many times you can install the Office desktop apps" (ECF No. 28 at 7-8 (citing ECF No. 24 at ¶ 39)), and "Microsoft's activation process will not activate the software if the 'installation' limit . . . has been reached." *Id.* at 9 (citing ECF No. 24 at ¶ 41); *see also Id.* at 9 (citing ECF No. 28 at ¶ 68). Uniloc never addressed Microsoft's analysis.

Second, Uniloc does not conclude—even using its own self-serving allegations—that Microsoft tracks "all" attempts. Uniloc tries to obscure the issue by suggesting that when Microsoft counts "installs," some of the installs may not actually result in an activation. In other words, Uniloc argues that Microsoft counts *some* "unsuccessful" activations. Even assuming this is true (which we must on a Motion to Dismiss), dismissal is still appropriate because it is undisputed that on the pled facts, Microsoft does not count **all** successful and unsuccessful attempts.

This issue was also addressed in the prior *Acronis* case that binds Uniloc. Uniloc alleged that only a subset of attempts needed to be counted (in that case, Uniloc argued that the claims covered an activation server that counted only "successful" attempts). *Markman* Order at 9-10, *Uniloc USA, Inc. et al. v. Acronis, Inc. et al.*, No. 6:15-cv-1001 (E.D. Tex. Feb. 21, 2017), ECF No. 162. The Court rejected that very argument and said **all** attempts must be counted: "Therefore, the plain meaning of this phrase, which is evident from the language of the claim and the specification, *includes all attempts* (both successful and unsuccessful attempts) *to obtain the service data.*" *Id.* at 11 (emphasis added).

Like in *Acronis,* Uniloc's allegations that Microsoft counts installs and *some* "unsuccessful" activations is not sufficient. Uniloc itself asked that the *Acronis* case be dismissed with prejudice, because there could be no infringement based on the court's construction, and for that same reason, there can be no infringement here.

### B. Microsoft's Motion is Ripe for Consideration

In its opposition, Uniloc did not identify any factual dispute. Microsoft's motion assumes that Uniloc's allegations are true as pled, *i.e.,* that Microsoft tracks installs in the way that Uniloc alleges. Similarly, there are also no claim construction issues, as Uniloc agrees that the construction from the prior *Acronis* case governs, and Uniloc does not identify any claim terms that are unclear or need to be construed before the Court can resolve this dispute. For its part, Microsoft is ***not*** asking the Court to engage in any claim construction.[2]

Thus, the Court should dismiss Uniloc's counts as to the '696 and '110 patents.

### C. Further Amendment of the Complaint to Cite to Source Code Would be Futile

Uniloc asks that it be permitted to amend its Complaint to cite to source code, but has not informed this Court or Microsoft what the source code would allegedly show to avoid dismissal. As best as can be determined from Uniloc's Opposition, Uniloc alleges that source code would show support for Uniloc's theory in its First Amended Complaint. Because this theory is not legally plausible, the amendment Uniloc requests is futile. *Atlas IP, LLC v. Exelon Corp.,* 189 F. Supp. 3d 768, 778 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.,* 686 F. App'x 921 (Fed. Cir. 2017) (finding amendment futile when the alleged infringer did not practice the claim limitations and the accuser pled infringement based on a claim construction that is wrong as a matter of law); *Maxell, Ltd. v. Fandango Media, LLC,* No. CV 17-07534 AG (SSX), 2018 WL 4502492, at *9 (C.D. Cal. Sept. 11, 2018) (finding leave to amend would be futile when the complaint fails to establish

---

[2] Uniloc contends that Microsoft is "graft[ing] further limitations" onto the claims by arguing that the claims require tracking all attempts by a single device. *See* ECF No. 32 at 9. This argument is a misreading of Microsoft's brief, and in any event, is not relevant to Microsoft's motion.

patent eligibility); *Uniloc USA, Inc. v. HTC Am., Inc.,* No. C17-1558JLR, 2018 WL 3008870, at *12 (W.D. Wash. June 15, 2018) (concluding that further attempts to amend would be futile when Uniloc's amended complaint was based on conclusory arguments and allegations and failed to plead facts sufficient to establish patent eligibility).

## III.   CONCLUSION

For the reasons stated above, Microsoft respectfully requests that the Court grant Microsoft's motion to dismiss the Bahar Patents from this case with prejudice.

| | | |
|---|---|---|
| Dated: February 6, 2019 | | FISH & RICHARDSON P.C. |

By: */s/ Aamir A. Kazi*
Aamir A. Kazi

Aamir Kazi
(*Admitted Pro Hac Vice*)
E-mail: kazi@fr.com
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Indranil Mukerji
(*Admitted Pro Hac Vice*)
E-mail: mukerji@fr.com
Fish & Richardson P.C.
1000 Maine Ave SW Suite 1000
Washington DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Steven Katz
(*Admitted Pro Hac Vice*)
E-mail: katz@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Katherine H. Reardon
(*Admitted Pro Hac Vice*)
Email: reardon@fr.com
Fish & Richardson P.C.
601 Lexington Avenue, 52nd Floor
New York, New York 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Attorneys for Defendant
MICROSOFT CORPORATION